IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

LINDA LIEVING,

        Plaintiff,

v.                                          CIVIL ACTION NO.   3:13-27455

PLEASANT VALLEY HOSPITAL, INC.,
and THOMAS SCHAUER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Pleasant Valley Hospital's Motion to Dismiss, ECF No. 10, and Defendant Thomas Schauer's Motion to Dismiss, ECF No. 8. Each Motion is **GRANTED in part** and **DENIED in part**. Specifically, Plaintiff's Patient Safety Act claim is hereby **DISMISSED** against both Defendants, and Plaintiff's Title VII claim is hereby **DISMISSED** against Defendant Schauer only.

**I.    Background**

In October 2013, Plaintiff Linda Lieving filed the instant action in this Court against Defendants Pleasant Valley Hospital, Inc., and Thomas Schauer—respectively, Plaintiff's former employer and its interim CEO throughout the time period during which the alleged violations are purported to have occurred. In the Complaint, Plaintiff alleges discrimination against her by Defendants based upon her gender, in violation of Title VII of the Civil Rights Act of 1964 and in violation of the West Virginia Human Rights Act, West Virginia Code § 5-11-1 *et seq.* Additionally, Plaintiff alleges discrimination and retaliation against her by Defendants for her

"good faith reports of wrongdoing and waste by Defendants," in violation of West Virginia Code § 16-39-4, a portion of West Virginia's Patient Safety Act.[1] Compl. ¶¶ 38-42, ECF No. 1.

In its Motion to Dismiss, Defendant Pleasant Valley Hospital asserts two alternative bases for dismissal. First, it argues that, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367(c)(2), this Court should decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims, including both the West Virginia Human Rights Act and the Patient Safety Act claims, because those claims substantially predominate over Plaintiff's federal gender discrimination claim. In the alternative, the Hospital argues that, pursuant to Rule 12(b)(1) and 28 U.S.C. § 1367(c)(1), this Court should decline to exercise supplemental jurisdiction over solely the Patient Safety Act claim because it presents a novel issue of state law. In the second alternative, the Hospital argues that this Court should dismiss solely the Patient Safety Act claim for failure to state a claim under Rule 12(b)(6).

In his Motion to Dismiss, Defendant Schauer argues that this Court should dismiss the Title VII claim against him for failure to state a claim under Rule 12(b)(6). Next, Defendant Schauer argues that, as a result of the dismissal of the only federal claim in the case,[2] the Court must dismiss the remaining state claims against him for lack of jurisdiction.[3] In the alternative, Defendant Schauer incorporates into his Motion all of the Hospital's arguments for dismissal as asserted in its Motion.

---

[1] In the Patient Safety Act portion of the Complaint, Plaintiff lists a number of statutes, including West Virginia Code §§ 30-3C-1 *et seq.* and 16-39-3(4)(5), which Defendants are alleged to have violated. Compl. ¶¶ 38-42. No cause of action under which Plaintiff can bring this case is listed under § 30-3C-1 *et seq.*—Plaintiff also misidentifies this as the Patient Safety Act, § 16-39-1 *et seq.*—, and § 16-39-3(4)(5) does not exist.

[2] Bafflingly, Defendant Schauer's argument entirely ignores the existence of the other defendant in this case. Given that Defendant Schauer's Motion incorporates Defendant Pleasant Valley's Motion and that the same attorney filed both of Defendants' motions on the same day, the ability of Defendant Schauer to make this argument with blinders on appears to have been the sole purpose of filing two separate motions when efficiency and candor would have been served by filing just one.

[3] Defendant Schauer first argued that this Court should decline to exercise supplemental jurisdiction over the remaining state law claims because the only federal claim would be eliminated early in litigation. However, after Plaintiff's Response did not oppose the dismissal of the federal claim against him, Defendant Schauer pressed that this Court never had original jurisdiction in this case and thus has no basis under which to exert supplemental jurisdiction.

The Court will first address Defendants' arguments regarding supplemental jurisdiction. Next, it will address Defendants' arguments for the dismissal of certain claims under Rule 12(b)(6).

## II.  Jurisdiction

District courts have original jurisdiction over all actions arising under the laws of the United States. 28 U.S.C. § 1331. On the face of her Complaint, Plaintiff asserts a claim against both Defendants under Title VII of the Civil Rights Act of 1964, a federal statute. Defendant Pleasant Valley Hospital makes no argument for the dismissal of the Title VII claim against it. Thus, the Court unquestionably has original jurisdiction over this case.

Once original jurisdiction is established, a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.* A district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In making this discretionary determination, a court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Defendant Pleasant Valley Hospital argues that this Court should decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims, including both the West Virginia

Human Rights Act and the Patient Safety Act violations, because those claims substantially predominate over Plaintiff's federal gender discrimination claim. In particular, the Hospital argues that the Patient Safety Act claim involves over thirteen separate allegations of waste and/or wrongdoing by the Hospital which are irrelevant to Plaintiff's fairly simple Title VII gender discrimination claim. Thus, it argues, both discovery and the admission of evidence at trial will become more complex than it otherwise would have been if the Patient Safety Act claim is not dismissed. Additionally, the Hospital argues that Plaintiff's recovery for her Title VII claim will be capped at $300,000 but that her recovery for the state law claims involves no cap whatsoever; thus, the state law claims present "a more significant avenue" for recovery against the Hospital. Def. Pleasant Valley's Mem. Supp. Mot. Dismiss 5, ECF No. 11. The Hospital presents no similar argument in support of its assertion that this Court should decline to exercise jurisdiction over Plaintiff's West Virginia Human Rights Act gender discrimination claim; instead, it merely states that this claim is "essentially identical" to the federal Title VII claim. *Id.* at 4.

Plaintiff responds that the two types of claims—gender discrimination and Patient Safety Act—are intertwined. She argues that Defendants failed to take serious action regarding the gender discrimination against Plaintiff—perpetrated by another employee of the Hospital—because Defendants were dissatisfied with Plaintiff's efforts to correct waste, fraud and abuse at the Hospital. Plaintiff further alleges that Defendants may have failed to take serious action because of gender discrimination on their part as well.

The Court refuses Defendants' invitation to decline to exert supplemental jurisdiction over Plaintiff's state law claims. First, Defendant Pleasant Valley Hospital all but admits that the Court should exercise supplemental jurisdiction over Plaintiff's state gender discrimination claim. Second, it is apparent from the Complaint that Plaintiff's Patient Safety Act claim is intertwined

with and does not substantially predominate over her gender discrimination claim. Plaintiff would be unable to describe why she resigned from the Hospital without discussing evidence regarding both her Patient Safety Act claim and her gender discrimination claim. As a result, regardless of whether these claims are split into different cases, discovery and trial in each case would include information regarding both claims. Thus, it would not promote judicial economy or convenience and fairness to the parties to have separate state and federal actions running simultaneously. Further, which claim presents the more significant avenue for recovery is simply not part of the analysis. *White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) ("The determination of whether a state claim predominates is not grounded in dollars and cents; the district court, when exercising its discretion, is invoking the abstention doctrine and must address federalism concerns about avoiding federal overreaching into highly specialized state enforcement or remedial schemes."). Defendants make no argument regarding comity or any underlying issues of federal policy which apply particularly to this case, and the Court foresees none.

Third, Defendant Pleasant Valley Hospital's argument that whether Plaintiff can bring a Patient Safety Act claim is a "novel" issue of state law is specious. The issue, dealt with below, requires only a simple review of the statute to find whether Plaintiff meets its definition of the type of person who can bring a case under its authority. Fourth, regardless of whether the Title VII claim is dismissed against Defendant Schauer, the Title VII claim against Defendant Pleasant Valley Hospital will remain; thus, the Court will not have "dismissed all claims over which it has original jurisdiction." The controversies between Plaintiff and the two Defendants are based on the same set of facts and the same evidence, including the same witnesses. It would be absurd to decline to extend supplemental jurisdiction over Defendant Schauer and force Plaintiff to file a

separate case against just him in state court. The Court will therefore exercise supplemental jurisdiction over all state law claims in this case.

### III.　Motions to Dismiss under Rule 12(b)(6)

**A.　Legal Standard**

When considering a motion to dismiss pursuant to Rule 12(b)(6), 1) a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then 2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the factual allegations in the complaint as true, and the complaint must be viewed in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

B.   **Patient Safety Act Claim**

In its Motion, Defendant Pleasant Valley Hospital argues that this Court should dismiss the Patient Safety Act claim under Rule 12(b)(6) because Plaintiff is not a "health care worker" as required by the Act in order to bring a case under its authority. Defendant Schauer joins in this argument. The Complaint alleges that, though Plaintiff admits that she is not a "health care worker" as defined in the Act, she was a "person acting on behalf of" such a worker and, thus, she can bring such a claim.

West Virginia Code § 16-39-4, under which Plaintiff brings her Patient Safety Act claim, states, in pertinent part:

> No person may retaliate or discriminate in any manner *against any health care worker* because the worker, or any person acting on behalf of the worker:
> (1) Makes a good faith report, or is about to report, verbally or in writing, to the health care entity or appropriate authority an instance of wrongdoing or waste.
> (2) Advocated on behalf of a patient or patients with respect to the care, services or conditions of a health care entity;
> (3) Initiated, cooperated or otherwise participated in any investigation or proceeding of any governmental entity relating to the care, services or conditions of a health care entity.

W. Va. Code § 16-39-4(a) (emphasis added). The authority to bring a civil action under § 16-39-4 is granted in § 16-39-6:

> Any *health care worker* who believes that he or she has been retaliated or discriminated against in violation of section four of this article may file a civil action in any court of competent jurisdiction against the health care entity and the person believed to have violated section four of this article.

W. Va. Code § 16-39-6(a) (emphasis added). Section 16-39-3 defines "health care worker" for the purposes of the Act as:

> a person *who provides direct patient care* to patients of a health care entity and who is an employee of the health care entity, a subcontractor or independent contractor for the health care entity, or an employee of such subcontractor or independent contractor. The term includes, but is not limited to, a nurse, nurse's aide, laboratory

> technician, physician, intern, resident, physician assistant, physical therapist or *other such person who provides direct patient care*.

W. Va. Code § 16-39-3(7) (emphasis added).

It is clear from the statutes above that the Patient Safety Act does not provide an avenue through which Plaintiff can bring a claim under the Act. Plaintiff never provided direct patient care, and she admits that she was not a health care worker as defined in the Act. It is apparent from § 16-39-6 that only a "health care worker" can bring a civil action under the Act. It is also apparent from § 16-39-4 that the phrase "any person acting on behalf of [a health care worker]" applies only to the part of the sentence beginning with "because." The West Virginia legislature could easily have included people in Plaintiff's position in the statute by rewording it to say, "No person may retaliate or discriminate in any manner against any health care worker [or any person acting on behalf of the worker] because [such person] . . . ."; however, the legislature did not do so. The wording of the Act is clear. Plaintiff cannot bring a claim under the Patient Safety Act; thus Plaintiff's Patient Safety Act claim is hereby **DISMISSED** against both Defendants for failure to state a claim upon which relief can be granted.

**C.     Title VII Claim against Defendant Schauer**

In his Motion, Defendant Schauer argues that this Court should dismiss the Title VII claim against him under Rule 12(b)(6) because he was not Plaintiff's "employer;" instead, he was merely an "individual supervisor," a person against whom a Title VII claim may not be brought. Def. Schauer's Mem. Supp. Mot. Dismiss 1, 3, ECF No. 9. Plaintiff "does not oppose" the dismissal of her Title VII claim against Defendant Schauer. Pl.'s Mem. Opp'n Def. Schauer's Mot. Dismiss 1, ECF No. 15.

Given that Plaintiff does not oppose the dismissal of this claim against Defendant Schauer and given the Fourth Circuit's holding in *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180

(4th Cir. 1998), that "supervisors are not liable in their individual capacities for Title VII violations," Plaintiff's Title VII claim is hereby **DISMISSED** against Defendant Schauer for failure to state a claim upon which relief can be granted.

### IV.    Conclusion

Defendant Pleasant Valley Hospital's Motion to Dismiss, ECF No. 10, is **GRANTED in part** and **DENIED in part**. Defendant Thomas Schauer's Motion to Dismiss, ECF No. 8, is also **GRANTED in part** and **DENIED in part**. Specifically, Plaintiff's Patient Safety Act claim is hereby **DISMISSED** against both Defendants, and Plaintiff's Title VII claim is hereby **DISMISSED** against Defendant Schauer only.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:    April 11, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE